# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Sean Romero,<br><br>    Plaintiff,<br><br>v.<br><br>Corizon Health, et al.,<br><br>    Defendants. | No. CV-15-00285-PHX-DJH (BSB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the Court on its own review. On February 2, 2017, Plaintiff filed a Third Amended Complaint pursuant to 42 U.S.C. § 1983. (Doc. 54.) The Court ordered the United States Marshal Service (USMS) to serve several Defendants, including Defendants Metcalf and Garrison.[1] (Doc. 55.)

Service on Defendants Garrison and Metcalf was returned unexecuted. (Docs. 63, 66.) Because the service deadline had passed, and Plaintiff had not served these Defendants or obtained from them waivers of service of the summons and Third Amended Complaint, on April 20, 2017, the Court ordered Plaintiff to show cause why his claims against these Defendants should not be dismissed, without prejudice, for failure to serve. (Doc. 79 (citing Fed. R. Civ. P. 4(m).)

Plaintiff filed a timely response to the order to show cause. (Doc. 82.) Plaintiff asserted that Defendants Metcalf and Garrison were "TSU officers on July 7, 2014" and

---

[1] The Court limits its discussion to Defendants who remain unserved and does not discuss the procedural history of service on Defendants who were served or waived service of process.

he believed that additional information would facilitate service of process. (*Id.*) The Court directed the Clerk of Court to complete service packets for Defendants Metcalf and Garrison using the same address information on the service packets that Plaintiff completed and adding, in the "special instructions or other information" section the following: "defendant was employed as a TSU officer on July 7, 2014." (Doc. 83.) The Court extended the service deadline for sixty days from the date of its April 27, 2017 Order. (*Id.*) On May 5, 2017, service on Defendants Metcalf and Garrison was again returned unexecuted. (Docs. 87, 88.) To facilitate service of process the Court ordered the Defendants who had appeared in this matter to provide, under seal, the last known home addresses of the unserved Defendants. (Doc. 98.) Defendants complied with the Court's order. (Docs. 100, 101.) The USMS again attempted service on Metcalf and Garrison. Service on Defendants Metcalf and Garrison was again returned unexecuted. (Docs. 107, 117.)

Because Plaintiff did not serve Defendants Metcalf and Garrison and the deadline to do so passed, on December 4, 2017, the Court ordered Plaintiff to show cause why his claims against these Defendants should not be dismissed for failure to serve. (Doc. 129.) On December 5, 2017, Plaintiff filed a response stating that he "has no objection to the dismissal of these two (2) Defendants." (Doc. 133.) Based on Plaintiff's failure to serve Defendants Metcalf and Garrison and his response to the December 4, 2017 Order, the Court recommends that Defendants Metcalf and Garrison be dismissed without prejudice.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's claims against Defendants Metcalf and Garrison be dismissed without prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 13th day of December, 2017.

_____
Bridget S. Bade
United States Magistrate Judge